Cunningham, Presiding Judge.
Tire pleadings in this case, and the facts involved, are in all substantial respects the same as in Case No. 3913, Morris v. Board of County Commissioners, ante 416, 139 Pac., 582, decided at this term, and the opinion in this case will be controlled largely by the opinion in the Morris case. As in the Morris case, so in this, the judge of the trial court directed a verdict against the defendant Nordloh. The bill for services of George Allan Smith (being the same bill which was involved in the Morris case) was not itemized'; at least not with the fullness required by section 1219, R. S., which reads, in part, as follows:
“No account shall be allowed by the board of county commissioners unless the same shall be made out in separate items, and the nature of each item stated, and where no specified fees are allowed by law, the time *459 actually and necessarily devoted to the performance of any services charged in such account shall be specified;” etc.
The trial judge seems to have concluded that the requirements of section 1219 were mandatory, and that-whenever a commissioner votes to allow a bill, no matter how just it may be, and the bill is allowed, the commissioner so voting thereby becomes conclusively liable to the county under the provisions of section 1251, E. S. The remarks of the trial court immediately preceding the direction of the verdict, make it clear that he was controlled entirely by this interpretation of the statutes. The construction placed by the trial court upon section 1219, in feonnection with section 1251, can not be upheld, for such construction would make section 1251 penal beyond all question, and if penal, the suit being brought more than a year after the cause of action áccrued, if any accrued, was barred by the statute of limitations, and the plea of the statute of limitations which was interposed on the trial by the defendant ought to have been allowed. But for reasons stated in the Morris case, we do not think section 1251 is penal. Having arrived at the conclusion that the requirements of section 1219 were mandatory, and that its non-observance by the defendant left him entirely without a defense, or a right to defend, practically all of the pertinent testimony offered by Nordloh, was, upon the objection of counsel for plaintiff, excluded. The whole error of the trial court, so far as the record discloses, being clearly traceable to the wrong-construction placed by it upon the aforesaid sections of the statute, it is not necessary that we should take up the various assignments of error and discuss them in detail.
The judgment of the trial court is reversed, and the case remanded for further proceedings in harmony with the views herein expressed.

Reversed and Remanded.